## STANLEY *v.* STANLEY.

No. 10548.   MAY 18, 1935.

*H. W. McLarty,* for plaintiff in error.
*Carpenter & Ellis,* contra.

HUTCHESON, Justice.   Pauline Stanley sued H. E. Stanley for divorce and for alimony, and sought to have awarded to her the custody of their two minor children. Subsequently there was a reconciliation, and the parties lived together for several months. The original petition was filed September 20, 1932. Two amendments were filed in January, 1934. To the petition as amended the defendant filed a general demurrer, which was overruled, and he excepted. This court held that the petition set out a cause of action as against a general demurrer. *Stanley* v. *Stanley,* 178 *Ga.* 814 (174 S. E. 531). On the trial the jury returned a first verdict granting a divorce. A new trial was denied, and the defendant excepted.

1.   It was not erroneous for the court to fail to charge the jury that "the law favors marriage," as complained of in the motion for new trial.

2.   The amended motion for new trial assigns error because the court failed to charge specifically in regard to cruel treatment, and in particular that cruel treatment is a discretionary ground for

divorce. It was agreed in court between counsel for plaintiff and defendant that the question of partial divorce be not submitted to the jury, and that the only issue to be submitted was whether the plaintiff be granted a total divorce under the evidence. The court charged the jury: "This suit, gentlemen, is brought on the grounds of cruel treatment; and the definition of cruel treatment is the willful infliction of pain, either bodily or mental, upon the complaining party, such as will reasonably justify an apprehension of danger to life, limb, or health. As to what fact will constitute cruel treatment or reasonable apprehension of danger to life, limb, or health, is a question of fact for the jury. Whether they occurred, and whether they were willfully inflicted or not, is also a question for the jury." Thus it will be seen that the court charged the definition of cruel treatment, and further that it must be willfully inflicted, but did not give in charge the law declaring that "In case of cruel treatment or habitual intoxication by either party, the jury, in their discretion, may grant either a total or partial divorce" (Code of 1933, § 30-104). This omission was authorized in view of the agreement that the question of partial divorce was not to be submitted. The court further charged that the plaintiff should prove her allegations "to your satisfaction by a legal preponderance of the evidence in the case, . . and by a preponderance of the evidence is meant the greater weight of the evidence." This ground of complaint is without merit.

3. It is complained that the court failed to instruct the jury that one act of cruel treatment was not ground for divorce; and that the court erred in failing to charge the jury that before they could consider the allegations and testimony as to cruel treatment, it must appear that said cruel treatment was willfully inflicted. It would have been inappropriate in this case for the court to charge that one act of cruel treatment was not ground for divorce, there being more than one act complained of. The court did charge that cruel treatment is the willful infliction of pain, either bodily or mental, such as will reasonably justify an apprehension to life, limb, or health. If the defendant desired a fuller charge on this subject, he should have made a proper request therefor. This ground is without merit.

4. Other grounds assign error because the court did not charge fully on the question of condonation and resumption of cohabitation.

An inspection of the charge as given shows that the court charged fully on this subject, and there was no written request for a further and more complete charge.

5. The evidence authorized the verdict, and the court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur.*